IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **DUSTIN REYNOLDS** § | |
| *Plaintiff*, § | |
| § | |
| v. § | **CIVIL ACTION NO.** |
| § | **6:20CV271-JDK** |
| **WOOD COUNTY, TEXAS,** § | |
| **ANGELA SPEAKMAN, Individually,** § | |
| **BRADLEY COX, Individually,** § | |
| **CHELSEA FULLER, Individually,** § | |
| **MARK TAYLOR, Individually, and** § | |
| **LOGAN MILLER, Individually,** § | |
| *Defendants*. § | |

**PLAINTIFF'S UNOPPOSED MOTION
FOR PARTIAL FINAL JUDGMENT UNDER RULE 54(B)**

**To the Honorable United States District Court**:

COMES NOW, Dustin Reynolds, Plaintiff, in the above styled and numbered case and respectfully asks this Court to make its interlocutory summary judgment a final judgment under Rule 54(b).

**1. Background**

This Court granted a partial summary judgment to the Defendants. ECF 36.

**2. Rule 54(b)**

Rule 54(b) of the Federal Rules of Civil Procedure permits a court to make an interlocutory judgment in a case with multiple parties or multiple claims are final. FED. R. CIV. P. 54(b). The basic purpose of Federal Rule of Civil Procedure 54(b) "is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2654 (4th ed. 2019).

However, immediate appeal is only available when the Court certifies the matter for appeal by: (1) directing entry of a final judgment as to some of the claims or parties; and (2) expressly determining that "there is no just reason for delay." FED . R. CIV. P. 54(b).

"Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright Corp. v. Gen. Elec. Co*., 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). The Fifth Circuit has cautioned that "Rule 54(b) requests should not be granted routinely." *Brown v. Miss. Valley State Univ*., 311 F.3d 328, 332 (5th Cir. 2002). Rather, "[t]he district court must weigh a variety of factors to determine whether such a disposition is appropriate for Rule 54(b) certification." *Ackerman v. F.D.I.C*., 973 F.2d 1221, 1224 (5th Cir. 1992); *Brown*, 311 F.3d at 332 ("[T]he district court must consider 'judicial administrative interests as well as the equities involved.'"). "The decision to enter final judgment 'is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." *Doe v. City of Pharr*, 652 F. App'x 259, 265 (5th Cir. 2016) (quoting *Brown*, 311 F.3d at 332); *accord Curtiss-Wright Corp*., 446 U.S. at 8, 100 S.Ct. 1460.

**3. Facts**

Reynolds filed suit on May 20, 2020. ECF 1. This Court granted partial summary judgment on August 11, 2021. ECF 36. This Court granted partial summary judgment on the basis that Reynolds did not show that the law was "clearly established." ECF 36. The summary judgment is partial only because Defendants did not file summary judgment on all grounds. ECF 36. Presumably had the Defendants filed for summary judgment on all grounds the analysis for "clearly established" law would have been the same and the summary judgment would have been final.

**4. Application of Law to Fact**

Reynolds asks this Court to make its partial summary judgment final. ECF 36. This case has progressed at an appropriate pace and so the concerns that arise from a case that does not progress appropriately are not present here. *See, e.g., York v. Welch*, 1:18-CV-522, 2020 WL 5269590, at *2 (E.D. Tex. Mar. 16, 2020) ("Here, the actions underlying the instant lawsuit occurred in October 2016, nearly three and a half years ago, and this case has been pending before the court since October 2018. On June 26, 2019, pursuant to the parties' joint request, the court amended the scheduling order to extend all of the parties' deadlines. The court sees no reason to prolong this litigation further by staying the proceedings while the parties seek appellate review of the court's order granting the City's motion to dismiss.").

Further, allowing an immediate appeal will advance judicial economy. Because this is a partial summary judgment and because Reynolds intends to appeal this order, judicial economy is advanced by allowing an immediate appeal. Judicial resources could be poorly spent if the parties and the Court go to trial on the remaining issue only to have the Court grant a directed verdict on the issue of whether the law is "clearly established." Moreover, even if the case went to trial and Reynolds won, he would appeal and if he succeeded on appeal, then this Court would be required to hold a second trial. Therefore, Reynolds asks this Court to certify this partial summary judgment for immediate appeal.

To enter a proper order under Rule 54(b), this Court must find that there is "no just reason for delay." Fed. R. Civ. P. 54(b). Factors that courts look to are:

- Whether the appeal would serve a valid interest of judicial administration including the preservation of the "historic federal policy against piecemeal appeals;"

- Whether the request is made at an "appropriate time" in the case;

- Whether "the nature of the claims already determined was such that no appellate court would have to decide the same issue more than once even if there were subsequent appeals;" and

- Whether any factors bearing on individual equity or litigant prejudice are present.

*See Curtiss-Wright Corp.*, 446 U.S. at 11.

The Fifth Circuit has explained that Rule 54(b) "reflects a balancing of two policies: avoiding the 'danger of hardship or injustice through delay which would be alleviated by immediate appeal' and 'avoid[ing] piecemeal appeals.'" *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (quoting *PYCA Indus., Inc. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996)).

Here a certification under Rule 54(b) and a finding that there is "no just reason for delay" makes sense for three reasons.

First, the policy that supports the existence of qualified immunity places a premium on the speedy resolution of cases. *See, e.g. Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (holding that orders denying substantial claims of qualified immunity are immediately appealable). By allowing an immediate appeal, this case will resolve expeditiously. And, for reasons already set out, a grant of immediate appeal would preserve scarce judicial resources. Second, the question of whether the law is "clearly established" is a fundamental issue to all of the issues presented in this case. Once resolved by the Fifth Circuit this will resolve all of the issues in this case. Third, because the central issue in this case and in the eventual appeal is a legal issue, i.e., whether the law is "clearly established," this case is especially suitable to immediate review. Therefore, for these reasons, there is "no just reason for delay."

## 4. Conclusion

Reynolds asks this Court to find that there is no just reason for delay and to certify this case for immediate appeal. To confer jurisdiction on the Fifth Circuit, this Court must 1) find there is no just reason for delay and 2) direct that the partial summary judgment become a final summary judgment. Reynolds ask this Court to make this finding and to enter this order.

        Respectfully submitted,

        */s/ James P. Roberts*
        SCOTT H. PALMER
        Texas Bar No. 00797196
        JAMES P. ROBERTS
        Texas Bar No. 24105721

        SCOTT H. PALMER, P.C.
        15455 Henderson Parkway,
        Suite 540, LB 32
        Addison, Texas 75001
        Tel: (214) 987-4100
        Fax: (214) 922-9900
        scott@scottpalmerlaw.com
        james@scottpalmerlaw.com

        ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF CONFERENCE**

I certify that Plaintiff's counsel, James Roberts, reached out to Defense counsel, Lee Correa, regarding this motion on August 16, 2021. On August 17, 2021, Mrs. Correa informed undersigned counsel that Defendants are unopposed.

/s/ *James P. Roberts*
JAMES P. ROBERTS

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was forwarded to all counsel of record, in a manner authorized by Rule 5, of the Federal Rules of Civil Procedure, on August 17, 2021.

/s/James P. Roberts
JAMES P. ROBERTS